IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DAVID JAMES MATTHEW,<br><br>Plaintiff,<br><br>vs.<br><br>BIG HORN COUNTY JAIL, BIG HORN COUNTY, SHERIFF SIMPSON, BIG HORN VALLEY CLINIC, DEPUTY ATKINSON, and NURSE JAYLENE,<br><br>Defendants. | CV 15-00038-BLG-CSO<br><br><br>ORDER |

This matter is pending on the following motions:

(1) Matthew's Motion for Injunctive Relief and/or Restraining Order (*ECF 40*);

(2) Defendants' Motion to Dismiss for Failure to state a claim (*ECF 44*);

(3) Matthew's Motion for Equal Treatment (*ECF 50*);

(4) Matthew's Motion to Rectify Conflict of Interest (*ECF 51*);

(5) Defendants' Motion for Sanctions (*ECF 52*);

(6) Matthew's Motion to File Documents (*ECF 56*);

1

(7) Matthew's "Motion for Restraining Order and Injunctive Relief Immediately Urgent. Second Motion" (*ECF 57*);

(8) Matthew's Motion for No Contact Order and Order of Restraint against Yellowstone County Detention Facility, County, and Staff Therein (*ECF 58*); and

(9) Motion Objecting to Defendants' "Expert Witness" Disclosure, and Motion for Sanctions (*ECF 59*) .

## I. Local Rule 7.1

There is no indication in any of the motions filed by the parties that they consulted with each other regarding whether or not there were objections to the motions. *See* D. Mont. L.R. 7.1(c)(1) ("The text of the motion must state that other parties have been contacted and state whether any party objects to the motion."). The Local Rules do not provide an exception because of a party's incarceration. Counsel for Defendants contend that "attempting to contact Plaintiff is nearly impossible" due to his custody. *Mtn to Dism. Brf., ECF 45 at 6*. It is Matthew's obligation to keep the Court and the parties advised of his current location. A letter sent to Matthew's latest updated address

and/or a letter sent from Matthew to counsel a week prior to the filing of any motion will be sufficient to comply with this rule.

The Court may deny future motions that do not comply with Local Rule 7.1.

## II. Motions for Injunctive Relief and/or Restraining Order

As a general rule, courts may not issue orders against individuals who are not parties to a suit pending before it. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969); *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). In his first Motion for Injunctive Relief, Matthew seeks injunctive relief against the Yellowstone County Detention Facility and Crossroads Correctional Facility. *ECF 40*. These entities who are not parties to this action and no injunctive relief may be issued against them in this action.

In his Motion for No Contact Order and Order of Restraint (*ECF 58*), Matthew seeks orders against the Yellowstone County Detention

Facility, the County and Staff therein. Aside from Nurse Pinkerton, these entities/individuals are not parties to this lawsuit and injunctive relief may not be issued against them in this action.

Matthew also seeks an injunction against the United States Marshals to prevent them from interfering with his right to present his case. *ECF 40 at 2*. However, his only allegation against the United States Marshals is that they transported him from Crossroads Correctional Center in Shelby, Montana to the Yellowstone County Detention Facility. No basis appears in the record that would allow the Court to interfere with Marshals' placement of Matthew.

Matthew seeks injunctive relief against Nurse Pinkerton because she discussed this case with officers she works with at the Yellowstone County Detention Facility and thereafter his legal materials were lost (*ECF 40*) and that she provided him medicated shampoo in a paper cup instead of a plastic cup (*ECF 57, 58*). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter* v. *Natural Resources Defense Council, Inc.,* 555 U.S. 7, 24 (2008) (citations omitted). It serves as a tool to preserve the status quo and prevent

4

irreparable loss of rights before judgment.  *Textile Unlimited, Inc.* v. *A.. BMH & Co., Inc.,* 240 F.3d 781, 786 (9th Cir. 2001).  In reviewing a motion for preliminary injunction, "courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief."  *Winter*, 555 U.S. at 24 (citations and internal quotation marks omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter*, 555 U.S. at 20 (citations omitted).

*Winter* does not expressly prohibit use of a "sliding scale approach to preliminary injunctions" whereby "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another."  *Alliance/or the Wild Rockies* v. *Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011).  The Ninth Circuit recognizes one such "approach under which a preliminary injunction could issue where the likelihood of success is such that serious

questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor." *Id.* (citations and internal quotation marks omitted).

A preliminary injunction "should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Lopez* v. *Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted, emphasis in original). A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319–20 (9th Cir. 1994).

Matthew has not raised any allegations sufficient to grant an injunction in this matter. In his first motion for an injunction (*ECF 40*), Matthew alleges that Nurse Pinkerton only discussed this case with officers with whom she works. He then makes broad speculations that as a result of those conversations, officers at the Yellowstone County Detention Facility lost his legal work. He seeks an injunction directing Nurse Pinkerton from interfering with his right to defend himself. There is no plausible allegation that Nurse Pinkerton has interfered

questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor." *Id.* (citations and internal quotation marks omitted).

A preliminary injunction "should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Lopez* v. *Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted, emphasis in original). A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319–20 (9th Cir. 1994).

Matthew has not raised any allegations sufficient to grant an injunction in this matter. In his first motion for an injunction (*ECF 40*), Matthew alleges that Nurse Pinkerton only discussed this case with officers with whom she works. He then makes broad speculations that as a result of those conversations, officers at the Yellowstone County Detention Facility lost his legal work. He seeks an injunction directing Nurse Pinkerton from interfering with his right to defend himself. There is no plausible allegation that Nurse Pinkerton has interfered

questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor." *Id.* (citations and internal quotation marks omitted).

A preliminary injunction "should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Lopez* v. *Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted, emphasis in original). A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319–20 (9th Cir. 1994).

Matthew has not raised any allegations sufficient to grant an injunction in this matter. In his first motion for an injunction (*ECF 40*), Matthew alleges that Nurse Pinkerton only discussed this case with officers with whom she works. He then makes broad speculations that as a result of those conversations, officers at the Yellowstone County Detention Facility lost his legal work. He seeks an injunction directing Nurse Pinkerton from interfering with his right to defend himself. There is no plausible allegation that Nurse Pinkerton has interfered

with Matthew's access to the courts. He makes only conclusory statements that his ability to fight his criminal case and work on his civil case is being hindered and interfered with but those conclusory allegations are insufficient grounds upon which to issue a preliminary injunction. He has not established a likelihood of success on the merits or that the balance of hardships tips in his favor. His first motion for a preliminary injunction (*ECF 40*) should be denied.

His second and third motions for injunctive relief (*ECF 57, 58*) also fail. He is seeking injunctive relief against Nurse Pinkerton for refusing to put his medicated shampoo in a plastic cup. Based upon this, he alleges he does not feel safe because Nurse Pinkerton is in control of his medications. He seeks an order requiring that Nurse Pinkerton and all other parties in this case "make sure nothing bad happens" to him and to restrain Defendants from causing further harm to him. (*ECF 57, 58*).

As with his first motion, his conclusory, unsubstantiated allegations are insufficient grounds upon which to grant injunctive relief. His allegation that Nurse Pinkerton put his shampoo in the

wrong type of cup does not plausibly suggest that he is danger. He has not established a likelihood of success on the merits or that the balance of hardships tips in his favor. His second and third motions for preliminary injunction (*ECF 57, 58*) should also be denied.

## III. Defendants' Motion to Dismiss (*ECF 44*)

Defendants' Motion to Dismiss should also be denied. The Court reviewed both Matthew's initial Complaint (*ECF 2*) and the Supplement to his Complaint (*ECF 39*) under 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B) to determine if those filings were frivolous or malicious, failed to state a claim upon which relief may be granted, or sought monetary relief from a defendant who is immune from such relief. By ordering the service of those pleadings upon Defendants, the Court found that Matthew's pleadings stated a claim. Without citing to authority, Defendants argue that the Supplement to the Complaint sets forth no specific facts giving rise to a cause of action against the new Defendants. By requiring Defendants to file a responsive pleading to the Supplement to the Complaint, the Court has made the determination pursuant to 28 U.S.C. §§ 1915, 1915A that read together,

8

the Complaint and Supplement thereto stated a claim upon which relief may be granted. The motion should be denied.

**IV. Matthew's Remaining Motions**

Matthew has filed a number of requests and motions without any support or basis. Affirmative "requests" for court action made in briefs rather than in motions generally are improper. Nonetheless, the Court will address these requests as follows.

In his response to Defendants' Motion to Dismiss, Matthew asks the Court to restrain the U.S. Marshals from unnecessary transfers of Matthew and to order the Marshals to house Matthew at Crossroads Correctional Center (*ECF 48 at 8*); for the Court to appoint an investigator to investigate and report to the Court on all matters and allegations regarding the case (*ECF 48 at 9*); that the Court render a decision on Matthew's motion requesting his own private investigator (*ECF 48 at 9*); and that the Court provide Matthew with copies of all documents Matthew has filed with the court. (*ECF 48 at 9*.)

As set forth above, the Court will not interfere with the Marshals placement of Matthew. The Court previously denied Matthew's motion

for litigation assistance and for a paralegal (*Ord. dated Dec. 8, 2015, ECF 38 at 3*).  For the reasons set forth in that Order, Matthew's request for an investigator will be denied.  Matthew was advised in the December 8, 2015 Order that he could enclose a self-addressed stamped envelope with his filings and the Clerk's Office would return his originals to him.  (*ECF 38 at 4-5*).  The Court may not free-of-charge provide Matthew copies of all the documents he has filed.  He may contact the Clerk's Office to arrange for payment of those documents.

Matthew filed a "Motion for Equal Treatment of Citizens and Equal Protection of the Law and Justice, From the Court."  (*ECF 50*).  Matthew complains that he is being treated unequally in that counsel for Defendants is being paid by the citizens of Big Horn County.  (*ECF 50*).  Matthew has chosen to sue employees of Big Horn County and those employees are entitled to a defense.  The motion will be denied.

Matthew has also filed a "Motion Requesting Court Rectify Conflict of Interest by Order.  (*ECF 51*).  Matthew contends that it is a conflict of interest for one law firm to represent all of the defendants as it prevents one or more of the Defendants from cooperating with him.

He asks the Court to resolve this conflict. (*ECF 51*). The Court has not shown that, in this case, it is a conflict of interest for one firm/attorney to represent all of the Defendants. The motion will be denied.

Matthew filed a "Motion to File Documents "Witness List' for the Court and Defendants." (ECF 56). The motion will be denied. The Court does not accept exhibits for filing that are not associated with a motion. There is no need to file a witness list at this stage of the litigation.

Matthew filed a motion objecting to Defendants' expert witness disclosures and a motion for sanctions based upon these witness disclosures. *ECF 59*. Matthew may challenge the expertise of Defendants' named experts at trial or in a response to a motion for summary judgment but the Court will not at this stage of the litigation strike the expert disclosures and will not issue sanctions.

## V. Defendants' Motions for Sanctions (*ECF 52, 53*)

Defendants seek Rule 11 sanctions against Matthew for the filing of his Motion for Equal Treatment (*ECF 50*) and Motion to Rectify Conflict of Interest (*ECF 51*). This request will be denied for failure to

11

comply with Rule 11 (c)(2)'s procedural requirements. First, the County Defendants made their motion for sanctions in conjunction with the response to Matthew's motions. A "motion for sanctions must be made separately." Fed.R.Civ.P. 11(c)(2). Secondly, Defendants failed to follow the procedure set forth in Rule 11(c)(2) requiring that a motion for sanctions be served upon the opposing party and that the opposing party be allowed 21 days to withdraw or appropriately correct the challenged filing. Fed.R.Civ.P. 11(c)(2).

Defendants did not comply with these procedures required under Rule 11. Therefore, the motion will be denied.

## VI. Conclusion

Neither party has fully complied with the Court's local and federal rules of procedure. The Court may summarily deny future motions that do not comply with the Court's Local Rules, including Local Rule 7.1, and the Federal Rules of Civil Procedure.

Based upon foregoing, the Court issues the following:

### ORDER

1. Matthew's Motion for Injunctive Relief and/or Restraining

Order (*ECF 40*) is **DENIED**;

2. Defendants' Motion to Dismiss for Failure to state a claim (*ECF 44*) is **DENIED**;

3. Matthew's Motion for Equal Treatment (*ECF 50*) is **DENIED**;

4. Matthew's Motion to Rectify Conflict of Interest (*ECF 51*) is **DENIED**;

5. Defendants' Motion for Sanctions (*ECF 52*) is **DENIED**;

6. Matthew's Motion to File Documents (*ECF 56*) is **DENIED**;

7. Matthew's Motion for Restraining Order and Injunctive Relief (*ECF 57*) is **DENIED**;

8. Matthew's Motion for No Contact Order and Order of Restraint against Yellowstone County Detention Facility, County, and Staff therein (*ECF 58*) is **DENIED**; and

9. Matthew's Motion Objecting to Defendants' Expert Witness Disclosures and Motion for Sanctions (*ECF 59*) is **DENIED**.

DATED this 25th day of January, 2016.

/s/ Carolyn S. Ostby
United States Magistrate Judge